UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>         Plaintiff,<br><br>    v.<br><br>JACOB ALLEN,<br><br>         Defendant. | Case No. 1:15-cr-00275-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

## INTRODUCTION

The Court has before it the government's Motion for Mental Examination for Purposes of Determining the Existence of Insanity at Time of Offense (Dkt. 47).[1]  For the reasons explained below, the Court will grant the motion.

## ANALYSIS

Defendant has notified the government that he intends to assert a defense of insanity at trial.  *See* Dkt. 44.  The government responded by requesting that the defendant submit to a pretrial psychiatric or psychological examination.  The government is entitled to such an examination under 18 U.S.C. § 4242(a), which provides:

> **Motion for pretrial psychiatric or psychological examination.**
> – Upon the filing of a notice . . . that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, *shall* order that a psychiatric or psychological report be

---

[1] The government originally asked for a competency evaluation, as well as an order committing defendant to the custody of the Attorney General.  The government has since withdrawn both requests.

**MEMORANDUM DECISION & ORDER - 1**

filed with the court, pursuant to the provisions of section 4247(b) and (c).

(emphasis added).

Section 4247(b), in turn provides that the psychiatric or psychological examination ordered "shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one examiner." 18 U.S.C. § 4247(b). The Court may commit the defendant to the custody of the Attorney General for placement in a suitable facility for up to 45 days. *Id.* If the defendant is committed to custody of the Attorney General, the examination must take place in a "suitable facility," which facility must be the one "closest to the court" unless that would be impracticable. *Id.*

Section 4247(c) lays out the items the psychological or psychiatric report must contain, including the following: (1) the person's history and present symptoms; (2) a description of the tests that were used, and their results; (3) the examiner's findings; (4) the examiner's opinions as to diagnosis, prognosis, and whether the person was insane at the time of the offense charged. 18 U.S.C. § 4247(c).

The government is not requesting that the defendant be committed to the custody of the Attorney General. *See Reply,* Dkt. 50, at 1. Instead, it asks the defendant to submit to, and cooperate with, an examination by a particular doctor – Dr. Christina Pietz. The government has also informed the Court that the examination will take place in Idaho.

Under these circumstances, the Court will order the defendant to submit to the examination requested by the government.

**MEMORANDUM DECISION & ORDER - 2**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the government's Motion for Mental Examination for Purposes of Determining the Existence of Insanity at Time of Offense (Dkt. 47) is GRANTED to the extent that the Court will order the defendant to submit to a psychiatric or psychological evaluation in accordance with 18 U.S.C. § 4242(a).

IT IS FURTHER ORDERED that defendant shall submit to an examination by Dr. Christina Pietz on or before August 30, 2016.

IT IS FURTHER ORDERED that the government shall provide a copy of this Order to Dr. Pietz.

IT IS FURTHER ORDERED that Dr. Pietz shall prepare, file, and serve a written report in compliance with the requirements of 18 U.S.C § 4247(c).

DATED: August 17, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION & ORDER - 3**